■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE KING, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County (Eiber, J.), rendered August 12, 1983, convicting him of criminal possession of a controlled substance in the fourth degree, upon a plea of guilty, and imposing sentence.

Judgment affirmed.

It was not error to permit both the undercover and arresting officers to make an in-court identification of defendant where, after making the drug purchase from defendant, the undercover officer radioed a description to the arresting officer and thereafter directed him to the defendant *(see, People v Griffin,* 106 AD2d 402).

Further, probable cause to arrest the defendant was established where the arresting officer was acting pursuant to the radio transmission received from the undercover officer who had purchased the drug, and there was no question raised as to the reliability of the information received *(see, People v Reddick,* 107 AD2d 721).

Under the circumstances of this case, the fact that the sentencing court failed to inquire of defendant as to whether

he wished to contest the constitutionality of his prior felony conviction does not warrant vacating the sentence imposed *(see, People v Leonard,* 109 AD2d 754).

Further, the defendant has not demonstrated any cogent reasons for our modifying the sentence imposed as being excessive. Mollen, P. J., Bracken, Brown and Rubin, JJ., concur.